# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TAURICE MARQUESE CRISP, | ) |
| Petitioner, | ) |
| v. | ) 1:10CV155 |
| ALVIN WALKER, | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the petition cannot be further processed.

1. The claims set out in the petition are largely unintelligible. Petitioner must make his claims understandable if he refiles his petition.

2. To the extent that the clams can be understood, it appears that Petitioner may be attacking convictions that he has already attacked in a § 2254 petition which was dismissed with prejudice in case 1:04CV806. If so, his current petition would be a second or successive petition and Petitioner would need to apply to the Fourth Circuit Court of Appeals for an order authorizing this district court to consider the current petition. A habeas petitioner who seeks to file a second or successive habeas corpus application must move in the appropriate court of appeals for an order authorizing the district court to consider the application unless he meets certain requirements. 28 U.S.C. § 2244(b)(3)(A) (1996). Petitioner must make clear whether he is challenging the same conviction and sentence that was the subject of his previous petition.

3. An insufficient number of copies was furnished. Petitioner must submit the original and two copies.

Because of these pleading failures, this particular petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current petition.

                                                  /s/ P. Trevor Sharp
                                                 United States Magistrate Judge

Date: February 26, 2010